NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIRK JA'ONG BOUIE, | No.    20-17168 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00624-JAM-AC |
| v. | |
| R. WILLOX; V. WIHLIDAL, Deputy District Attorney; FIELDER, Correctional Counselor, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted February 15, 2022**
San Francisco, California

Before:  FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

California state prisoner Dirk Ja'ong Bouie appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging constitutional claims.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Williams v.*

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (summary judgment); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)).  We affirm.

The district court properly granted summary judgment on Bouie's retaliation claim because Bouie failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him.  *See Ross v. Blake*, 578 U.S. 632, 638, 641-44 (2016) (holding that an inmate must exhaust such administrative remedies as are available before bringing suit, and describing limited circumstances in which administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)).

The district court properly dismissed Bouie's access-to-courts claim because Bouie failed to allege facts sufficient to demonstrate that he suffered an actual injury.  *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (describing elements of an access-to-courts claim and actual injury requirement); *Hebbe*, 627 F.3d at 341-42 (holding that although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by denying Bouie's motion to

strike defendants' reply because Bouie failed to demonstrate any error or prejudice. *See Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007) ("Evidentiary rulings made in the context of summary judgment motions are reviewed for abuse of discretion and can only be reversed if [they were] both manifestly erroneous and prejudicial." (alteration in original, citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Bouie's motions for appointment of counsel because Bouie failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

**AFFIRMED.**